**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEANNE CHARTER; STEVE CHARTER,
          *Plaintiffs-Appellants,*

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE,
          *Defendant-Appellee,*

CHARLES M. REIN; JAMES E.
COURTNEY; RANDALL P. SMITH; ED
LORD; GEORGE HAMMOND; JOHN
SWANZ; KEITH BALES; KEYSTONE
RANCHES, INC.; SIMPLOT LIVESTOCK
CO.; AGRI BEEF COMPANY; JOHN R.
WILSON; DAVID TRUE; LYLE GRAY,
          *Defendant-Intervenors-*
                    *Appellees,*

v.

DARRELL ABBOTT; DAVE J. ABLE;
LOUISE AHART; IRV ALDERSON; JESS
ALGER; JUSTIN BAISCH; SHANA
BAISCH; WILLIAM P. BANDEL;
JOSEPH J. BARRETT; DOMINIC
BEGGER; JOHN BENSON; EARL
BERLIER; WADE BERUER; REG
BILLING; ROBERT BOMHOFF; JAMES
H. BOWERS; DAVID E. BOWMAN;
CEABRIAN RANCH, INC; MIKE
CALLICRATE; DON H. CHAFEE; BILL
CHRISTISON; LEE D. CLARK, JR.;

No. 02-36140

D.C. No.
CV-00-00198-RCB

ORDER

LEAH R. COLE; C. M. COFFEE;
JERRY COSSITT; AUDREY COX;
CONRAD L. COX; GERAL L. COX;
ROBERT COX; ARTHUR DANIEL;
BRETT DEBRUYCKER; KAY
DEBRUYCKER; LLOYD DEBRUYCKER;
DAVID DEECHANT; GRANT DOBBS;
MABEL E. DOBBS; LES DUFFNER;
JOHN DYER; RICHARD EIGUREN
FAMILY LIMITED PARTNERSHIP;
RONALD FERSTER; PEGGY FERSTER;
NAOMI FINK; MARK FIX; ALAN
FOLDA; GLENN FOLLMER; JOHN
GAYNOR; RICK GOLDER; RICHARD
GOSMAN; BEN W. GREEN; BIZZ
GREEN; GRANT GREIMAN; BARR
GUSTAFSON; DOUG HARRISON;
GLADYS HARRISON; BERT
HAMMOND; ARLENEE HAMMOND;
JOSEPH HANSER; JOGN M.
HEYNEMAN; GORDON O. HOBERG;
STEPHEN D. HORNADY; BILL
HUNTSMAN; EVELYN W. HUNTSMAN;
HARRY HUMBERT; LEVI JENKINS;
CARL R. JOHNSON; FRED H.
JOHNSON; VERA-BETH JOHNSON;
JOHN E. KELLY; KANARA RANCH
CO.; NOEL KEOGH; ART KIRBY;
JOHN E. KUBESH; PETER J. KUHR;
JOSEPH T. KUROWSKI; WILLIAM R.
MCKAY; GARY DEAN MALONE;
WALT MANUEL; JUDIE MANUEL;

DENNIS MCDONALD; DONALD C. MCELLIGOTT; DOUGLAS S. MCRAE; WILLIAM D. MCRAE; JERRY MOBLEY; MALCOLM MOORE; ED C. MOTT; MUNRION LIVESTOCK, INC.; DAVID NELSON; DONALD NELSON; JAMIE D. OBERLING; JIM PATRICK; MARGARETTA PATRICK; ELLEN L. PFISTER; RONALD E. POPEKLA; ROBERT G. POWELL; PRAIRIE ELK TRUST; ELMER QUANBECK; LYLE QUICK; LINCOLN REINHILLER; LINDA RAUSER; ELWOOD RAVE; WILLIAM H. RETTIG; WAYNE ROLF; MELISSA ROLF; ROSSETTER LIMITED PARTNERSHIP; RUSSELL SALISBURY; MICHAEL L. SCHULTZ; JACK SEYMOUR; DAVID SHIPMAN; HELEN J. SHIPMAN; JERRY SKINNER; LESTER SLUGGETT; CAROL SLUGGETT; MICHAEL SMITH; ELAINE SMITH; PAUL B. SMITH; JEAN K. SPANNAGEL; JAMES STAMPFEL; GILLES STOCKTON; CLAIR K. STREETER; NEIL STROZZI; GLEN M. SYLVESTER; MATT THIELEN; JAY TOPE; MARJORIES TOWNSEND; ROBERT L. TRAINER; HUGO TURECK; JUDY TURECK; JOSEPH VERLANIC; HAROLD E. WALLER; JOHNNA LEE WILLIAMS; BRETT WINDERL;

MONIKA WINDERL; CHARLER
YARGER; ALTERNATIVE ENERGY
RESOURCES ORGANIZATION;
INTERTRIBAL ARGRICULTURE
COUNCIL; DAKOTA RESOURCE
COUNCIL; NORTH DAKOTA
FARMERS FOR PROFITABLE
AGRICULTURE; NORTHERN PLAINS
RESOURCE COUNCIL; POWDER RIVER
BASIN RESOURCE COUNCIL; ASTRO
SALES INTERNATIONAL, INC.;
AUSTRAL FOODS, INC.; THE TUPMAN
THURLOW CO., INC.,
                    *Plaintiff-Intervenors-*
                              *Appellants.*

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted March 31, 2004
Vacated May 27, 2004
Resubmitted June 16, 2005

Filed June 16, 2005

Before: William C. Canby, Jr., Kim McLane Wardlaw, and
Ronald M. Gould, Circuit Judges.

## COUNSEL

Kelly J. Varnes, Hendrickson, Everson, Noennig & Wood-
ward, P.C., Billings, Montana; Erik S. Jaffe, Erik S. Jaffe,
P.C., Washington, D.C.; and Renee L. Giachino and Reid

Alan Cox, Center for Individual Freedom, Alexandria, Virginia, for the plaintiffs-appellants.

Robert D. McCallum, Jr., Assistant Attorney General; William M. Mercer, United States Attorney; and Douglas N. Letter and Matthew M. Collette, Attorneys, Appellate Staff Civil Division, Washington, D.C., for the defendant-appellee.

Richard T. Rossier and Alex Menendez, McLeod, Watkinson & Miller, Washington, D.C., for the defendant-intervenors-appellees.

Patricia D. Peterman and James A. Patten, Patten, Peterman, Bekkendahl & Green, PLLC, Billings, Montana, for the plaintiff-intervenors-appellants.

---

## ORDER

This is a challenge to the constitutionality of the Beef Promotion and Research Act of 1985 ("the Act"), 7 U.S.C. §§ 2901-11, and the Beef Promotion and Research Order promulgated thereunder, 7 C.F.R. §§ 1260.101-1260.640. The district court entered judgment in favor of the United States Department of Agriculture, holding that the speech at issue is government speech and thus the Act does not violate either the appellants' free speech or association rights. *Charter v. USDA*, 230 F. Supp. 2d 1121 (D. Mont. 2002). We heard argument and submitted the appeal for decision on March 31, 2004. When the Supreme Court granted certiorari in *Johanns v. Livestock Marketing Ass'n*, ___ S.Ct. ___, 2005 WL 1200576 (U.S. May 23, 2005), we vacated submission pending the outcome in *Johanns* because the parties here challenged the Act on grounds identical to those asserted in *Johanns*. We now order the appeal resubmitted for decision.

In *Johanns*, the Supreme Court, like the district court here, first held that the speech at issue is "from beginning to end the

message established by the Federal Government," *i.e.*, the Government's own speech. *Id.* at *6. Further, because the beef "checkoff" program promulgated under the Act funds the Government's own speech, the Court held that the Act is not susceptible to a facial First Amendment compelled-subsidy challenge. *Id.* at *6-*8. The Court nevertheless stated, without expressing a view on the point, that "if it were established . . . that individual beef advertisements were attributed to respondents," such facts might form the basis for an "as applied" challenge. *Id.* at *8. The theory would be one of compelled speech, *i.e.*, that because the speech is attributed to the individual respondents, the government unconstitutionally uses their endorsement to promote a message with which they do not agree. *Id.* Because the *Johanns* trial record was "altogether silent" on whether the individual respondents would be associated with speech labeled as coming from "America's Beef Producers," the Court held that "on the record before us an as-applied First Amendment challenge to the individual advertisements affords no basis on which to sustain the Eighth Circuit's judgment [in favor of respondents], even in part." *Id.*

Unlike in *Johanns*, the record in this case is not "altogether silent" on whether the individual appellants who are beef producers would be associated with the speech to which they object. For example, Jeanne Charter, one of the appellants, declared in an affidavit:

> The checkoff [program] results in our being associated against our will with positions both political and economic, from the National Cattlemen's Beef Association (NCBA), the primary checkoff contractor. The NCBA routinely, before Congress, and in other public ways and in press announcements, states that it is the trade organization and marketing organization of America's one million cattle producers. We are not members of the NCBA, yet as cattle producers, we are associated with their messages. We are, likewise, associated with Montana Beef Council

views endorsing highly processed beef products and disparaging natural beef as a waste of time. We believe such promotion devalues the product we raise.

In light of the Supreme Court's recognition (without expressing a view on the issue) that an attribution claim might form the basis for an as-applied First Amendment challenge to the Act, the district court's decision must be vacated and the case remanded for further proceedings to determine, among other things, whether speech was attributed to appellants and, if so, whether such attribution can and does support a claim that the Act is unconstitutional as applied. *Id.*; *see also id.* at *9 n.* (Thomas, J., concurring) (noting that, pursuant to Federal Rule of Civil Procedure 15, "on remand respondents may be able to amend their complaint to assert an attribution claim").

**VACATED AND REMANDED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.